# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (ST. LOUIS CITY)

## CIVIL COVER SHEET

This civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required by the Clerk of this Court for the purpose of initiating case processing. (See instructions on the reverse of this form.)

| CAUSE NO. | DIVISION NO. | FILING DATE: |
|---|---|---|

**1. PLAINTIFF(S)/PETITIONER(S)**

John Doe HL

**DEFENDANT(S)/RESPONDENT(S)**

Mar James (aka James Beine), Roman Catholic Archdiocese of St. Louis, an unincorporated assoc., Archbishop Raymond Burke Community of John Bosco, New Haven School Dist. ~~Defendant Does 1-20~~

**(b) Address, Telephone Number of First Plaintiff/Petitioner**

8390 Delmar, Ste.
St. Louis, MO 63124
(314) 872-8420

Address, Telephone Number of First Defendant/Respondent

**(c) Attorneys (Firm Name, Address Kenneth Chackes and Telephone Number, Bar #)** Chackes, Carlson & Spritzer, 8390 Delmar, Ste.213,St.Louis MO 63124, MO Bar #27534

Attorneys (If Known)

## 2. NATURE OF ACTION CODE (PLACE AN X IN ONE BOX)

**TORT: 211xxxx**
- ☐ 0115 PERSONAL INJURY VEHICULAR
- ☐ 0120 PERS. INJURY PRODUCTS LIA.
- ☐ 0130 PERS. INJURY MALPRACTICE
- ☐ 0140 LOSS OF CONSORTIUM
- ☐ 0150 PERS. INJURY - F.E.L. ACT
- ☐ 0160 PERS. INJURY JONES ACT
- ☐ 0195 PERS. INJURY OTHER
- ☐ 0210 PROPERTY DAMAGE
- ☐ 0300 INTENTIONAL TORT
- ☐ 0400 WRONGFUL DEATH
- ☐ 0500 LIBEL  ☐ 0600 SLANDER
- ☐ 0700 PUNITIVE DAMAGES
- ☒ 9900 TORT - OTHER

**ASSOCIATE DIVISION TORT:**
- ☐ 0110 PERSONAL INJURY-VEHICULAR
- ☐ 0190 PERSONAL INJURY OTHER
- ☐ 0200 PROPERTY DAMAGE

**CONTRACT: 212xxxx**
- ☐ 0110 BREACH OF CONTRACT
- ☐ 0210 PROMISSORY NOTE
- ☐ 0310 REPLEVIN
- ☐ 0410 SUIT ON ACCOUNT
- ☐ 0500 SUIT ON POLICY
- ☐ 0600 FORFEITURE

**ASSOCIATE DIVISION CONTRACT:**
- ☐ 0100 BREACH OF CONTRACT
- ☐ 0200 PROMISSORY NOTE
- ☐ 0300 REPLEVIN
- ☐ 0400 SUIT ON ACCOUNT

**DOMESTIC RELATIONS: 235xxxx**
- ☐ 0100 DISSOLUTION
- ☐ 0200 LEGAL SEPARATION
- ☐ 0300 ANNULMENT
- ☐ 0400 SEPARATE MAINTENANCE
- ☐ 0700 HABEAS CORPUS
- ☐ 0800 MOTION TO MODIFY
- ☐ 0900 CONTEMPT
- ☐ 1100 SHOW CAUSE
- ☐ 1200 DISSOLUTION JOINT PETITION
- ☐ 1300 MOTION FOR CUSTODY
- ☐ 7000 IV-D CONSENT
- ☐ 7010 IV-D PATERNITY
- ☐ 7030 IV-D ADM. ORDERS W/ HEARING
- ☐ 7040 IV-D URESA-INITIATING
- ☐ 7050 IV-D URESA-RESPONDING

**DOMESTIC OTHER: 240xxxx**
- ☐ 0400 ADULT ABUSE
- ☐ 0600 PATERNITY
- ☐ 0700 CHILD ABUSE

**EQUITY: 222xxxx**
- ☐ 0100 SPECIFIC PERFORMANCE
- ☐ 0200 RECIS/REFORM/CANCEL

**EQUITY: 224xxxx**
- ☐ 0010 REDEMPTION
- ☐ 0020 FORECLOSURE
- ☐ 0100 QUIET TITLE
- ☐ 0200 MECHANICS LIEN
- ☐ 0210 MECHANICS LIEN ► $15K

- ☐ 0300 EJECTMENT
- ☐ 0310 EJECTMENT ► $15K
- ☐ 0400 PARTITION

**EQUITY: 229xxxx**
- ☐ 0000 MISC. EQUITY
- ☐ 0100 CHANGE OF NAME
- ☐ 0200 DECLARATORY JUDGMENT
- ☐ 0300 QUO WARRANTO
- ☐ 0400 MANDAMUS
- ☐ 0500 PROHIBITION
- ☐ 0600 INJUNCTION  ☐ 0700 TRO
- ☐ 0800 WRIT OF CERTIORARI
- ☐ 0900 INCARCERATION REIMB. ACT

**LANDLORD/TENANT: 219xxxx**
- ☐ 9901 UNLAWFUL DETAINER
- ☐ 9911 UNLAWFUL DETAINER► $15K
- ☐ 9902 RENT & POSSESSION
- ☐ 9912 RENT & POSSESSION► $15K

**MISC. CIVIL: 219xxxx/2400xxx**
- ☐ 0000 MISC. CIVIL
- ☐ 0000 MISC. CIVIL ► $25K
- ☐ 0015 DECLAR. VEH. OWNERSHIP
- ☐ 0300 ADMINISTRATIVE REVIEW
- ☐ 0350 ADMINISTRATIVE ORDER
- ☐ 0375 ADMIN. ORDER W/ HEARING
- ☐ 0400 DRIVER LIC. REVOC. REVIEW
- ☐ 0500 HABEAS CORPUS
- ☐ 0500 29.15PCR  ☐ 0610 24.035PCR
- ☐ 300 PERSONAL PROPERTY TAX
- ☐ 310 PERS. PROP. TAX► $15K

- ☐ 0700 SPECIAL TAX BILL SUIT
- ☐ 0800 TAX ACTION
- ☐ 0810 TAX ACTION ► $15K
- ☐ 1000 DELINQUENT SALES TAX
- ☐ 1010 DELINQ. SALES TAX ► $15K
- ☐ 1100 DELINQ. LIEN/ENFRC. TAX
- ☐ 1200 LAND TAX
- ☐ 0850 CITATION JUDGMT DEBTOR
- ☐ 0900 REG. FOREIGN JUDGMENT
- ☐ 0910 REG. FORGN. JUDG.► $15K
- ☐ 1105 COUNTER CLAIM ► $15K
- ☐ 1250 LIMITED DRIV. PRIV.
- ☐ 1300 CONTEMPT
- ☐ 1400 195 FORFEITURE
- ☐ 1500 513 FORFEITURE
- ☐ 9900 TRANSCRIPT
- ☐ 9903 SMALL CLAIMS ◄ $100
- ☐ 9904 SMALL CLAIMS ► $100
- ☐ 9905 REFUSAL OF BREATH TEST
- ☐ 9906 REVIVAL OF JUDGMENT
- ☐ 9916 REV. OF JUDGMENT ► $15K
- ☐ 100 EXAM. JUDGMENT DEBTOR
- ☐ 500 CONDEMNATION

**5. ORIGIN OF CASE:**
- ☒ DIRECT FILING    ☐ TRIAL DE NOVO
- ☐ TRANSFERRED    ☐ CHANGE OF VENUE
- ☐ CERTIFIED FROM ASSOC. DIV.
- ☐ SUPP. TO EXISTING FILE/ REMANDED/NEW TRIAL
- ☐ OTHER

**6. JURY DEMANDED:**
- ☒ YES    ☐ NO

**3. JURISDICTIONAL AMOUNT (STATE THE AGGREGATE/TOTAL AMOUNT OF YOUR CLAIM(S))** $ over 25,000

**4. SERVICE:** ☒ SUMMONS TO ISSUE  ☐ BY MAIL, RULE 54.16  ☐ BY MAIL, SEC. 506.150  ☐ POST OR SERVE  ☐ OTHER

SIGNATURE OF ATTORNEY/PLAINTIFF/PETITIONER: _Km Chackes_

**FOR OFFICE USE ONLY**

**7. TRIAL DATA:** DATE TRIAL BEGAN: _____ DATE TRIAL ENDED: _____ LENGTH OF TRIAL: _____

DISPOSITION DATE: _____  ☐ TRIED BY JURY  ☐ TRIED BY COURT  ☐ CERTIFIED  ☐ DISMISSED BY COURT  ☐ DISMISSED BY PARTIES  ☐ UNCONTESTED/DEFAULT/CONSENT  ☐ TRANSFERRED  ☐ CHANGE OF VENUE  ☐ MISTRIAL  ☐ HUNG JURY  ☐ OTHER

TRIAL RECORD: ☐ COURT REPORTER  ☐ SOUND RECORDING  ☐ N/A  ☐ JUDGE BAR#  CLK INIT:

# INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET

As part of our reporting requirements to the Missouri Supreme Court and the Office of the State Courts Administrator you are required to complete and submit this Civil Service Cover Sheet at the time you file your cause of action (i.e. Petition for damages, Small Claims, Landlord/Tenant action, Divorce, etc.) Your cause of action will not be accepted and/or processed unless it is accompanied by this Civil Cover Sheet at the time of filing. The person, or attorney, filing the cause of action should complete the form as follows:

1.  **Plaintiff(s)/Petitioner(s) - Defendant(s)/Respondent(s).**  Enter the names (last, first, middle initial) of plaintiff(s) and defendant(s). If the plaintiff or defendant is a corporation, include the name of the registered agent or corporate officer. If the plaintiff or defendant is a Government Agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title. If all the parties' names cannot fit on this form, list them on an attachment, noting in this section "(see attachment)".

   **(b) Address.**  Enter the address, telephone number of the first plaintiff and defendant, include zip code.

   **(c) Attorneys.**  Enter firm name, address, zip code, telephone number, and bar number(s) of the attorney(s) of record. If there are several attorneys, list them on an attachment, noting in this section, "(see attachment)"

2.  **Nature of Action.**  Place an "X" in the appropriate box which corresponds to the type of action you are filing (i.e. Personal Injury - Vehicular, Small Claims, Rent & Possession,etc.) If your cause of action has more than one count, check only the nature of action which relates to the first count.

3.  **Jurisdictional Amount.**  In this space state the aggregate or total amount you are demanding in your suit, excluding attorneys fees and interest. If you are uncertain of the amount or do not wish to give a specific dollar amount, please indicate either that your claim is $25,000 or under (◄$25K) or is over $25,000 (►$25K).

4.  **Service.**  Please indicate the manner in which you wish your cause of action to be served on the defendant(s).

5.  **Origin of Case.**  Place an "X" in one of the seven (7) boxes.

   **Direct Filing.**  A cause of action originally filed in this court.

   **Change of Venue.**  A cause of action originally filed in another Circuit which has been transferred to this court.

   **Transferred.**  A cause of action filed in the federal court which is transferred to this court.

   **Trial De Novo.**  An appeal of a judgement/order from the Associate Division which was not on record.

   **Certified from the Associate Division.**  A cause of action which is transferred from the Associate Division to the Circuit Court.

   **Supplemental to Existing File/Remanded/New Trial.**  A cause of action which has already been filed in this court and disposed of, where subsequent pleadings are filed, or the case has been sent back to this court from the appellate court, or a new trial has been ordered.

   **Other.**  All origin of cases which do not fit in any of the above categories.

6.  **Jury Demanded.**  Check the appropriate box to indicate whether or not a jury is being demanded. Your pleadings/petition must also indicate that you are demanding a jury trial.

7.  **Trial Data.**  This section will be completed by the Trial Division Clerk.

Please check, date and sign the Civil Cover Sheet.

Thank you for your cooperation

**MARIANO V. FAVAZZA**
**CIRCUIT CLERK**

SEAL of the CIRCUIT COURT

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| John Doe HL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Cause No. C52-10018 |
| MAR JAMES (aka JAMES BEINE), | ) | |
| ROMAN CATHOLIC ARCHDIOCESE | ) | |
| OF ST. LOUIS, an unincorporated | ) | **PETITION** |
| association, and ARCHBISHOP | ) | |
| RAYMOND BURKE, of the Archdiocese | ) | |
| of St. Louis, MO, COMMUNITY OF | ) | **JURY TRIAL DEMANDED** |
| JOHN BOSCO(aka SANCTE JOANNES | ) | |
| BOSCO), NEW HAVEN SCHOOL | ) | |
| DISTRICT, DEFENDANT DOES 1-20 | ) | |
| | ) | |
| **SERVE:** | ) | |
| Mar James (aka James Beine) | ) | |
| | ) | |
| | ) | |
| Roman Catholic Archdiocese of St. Louis | ) | |
| 4445 Lindell Blvd. | ) | |
| St. Louis, MO 63108-2333 | ) | |
| | ) | |
| Archbishop Raymond Burke | ) | |
| of the Archdiocese of St. Louis | ) | |
| 4445 Lindell Blvd. | ) | |
| St. Louis, MO 63108-2333 | ) | |
| | ) | |
| Community of Saint John Bosco | ) | |
| Joseph Harper | ) | |
| 3911 William Dr. | ) | |
| St. Charles, MO 63304-6857 | ) | |
| | ) | |
| New Haven School District | ) | |
| Kyle Kruse, Superintendent | ) | |
| 100 Park Drive | ) | |
| New Haven, MO 63068 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, for his Petition against the Defendants named herein, alleges as follows:

## NATURE OF PETITION

1.      Defendants have knowingly covered up and concealed the sexual abuse of their minor parishioners and students by their employee Defendant James Beine. This cover up has allowed Defendant Beine to have access to and to sexually abuse numerous children, including Plaintiff.

2.      Plaintiff brings this lawsuit in order to hold the Defendants responsible for the injuries they have caused and to protect other children from the pain of childhood sexual abuse.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the causes of action asserted herein and over the parties to this action. Plaintiff asserts claims under Missouri common law. This Court has jurisdiction because Defendants Archdiocese and Archbishop, among other things, ordained, controlled and supervised, Beine, Plaintiff was sexually abused in Missouri, all Defendants are or were licensed to do business or transact business in Missouri and have obtained the benefits of the laws of the State of Missouri and the benefits of the Missouri location for their operations.

4.      Venue is proper in St. Louis City under R. S. Mo. § 508.010 (2002), inasmuch as this is the location of Defendants' operations.

## PARTIES

5.      Plaintiff is an adult man and a resident of the State of Missouri. Plaintiff was a minor at the time of the sexual abuse alleged herein.

6.      At all times material, Defendant Archdiocese of St. Louis (hereinafter "Archdiocese") was and continues to be an unincorporated association doing business in Missouri with its principal place of business located at 4445 Lindell Blvd., St. Louis, Missouri 63108-2333.

7.      Defendant Archbishop Raymond Burke (hereinafter "Archbishop") is a citizen of the

State of Missouri and is the Archbishop of the Roman Catholic Archdiocese of St. Louis, in Missouri. The principal place of business of the Archdiocese is located at 4445 Lindell Boulevard, St. Louis, Missouri. Defendant Archbishop Burke is sued herein solely in his capacity as Archbishop of the Archdiocese.

8.     Upon information and belief, Defendant Archdiocese was formed in 1847 out of the Diocese of St. Louis, Defendant Archdiocese has approximately 700 priests working for it, and Defendant Archdiocese has approximately 550,000 Catholic members.

9.     On information and belief, Defendant Community of Saint John Bosco, also known as Sancte Joannes Bosco (hereinafter "Community") was a non-profit corporation with its principal place of business located at 3081 Donnycave Lane W., Maryland Heights, MO 63043. Defendant Community was dissolved as a non-profit corporation sometime between 2000 and 2005.

10.     On information and belief, Defendant New Haven School District (hereinafter "School District") is an unincorporated entity with its principal place of business located at 100 Park Drive, New Haven, MO 63068. On information and belief, Defendant School District owned, operated, and controlled New Haven High.

11.     Defendant Does 1-20 are officials at New Haven High and at Defendant School District at or near the time of the sexual abuse alleged herein. These officials include but is not limited to, the principal of the New Haven High, the superintendent of the School District, and members of Defendant School District School Board. The names of these officials is not known at this time. However, these names should be readily available to Defendant School District. The officials are sued in both their official capacities and their individual capacities.

12.     On information and belief, Defendant Beine was a priest and assistant counselor

3

under the direct supervision, control and authority of all Defendants during the period of abuse alleged herein.  On information and belief, Defendant Beine may have changed his name to Mar James, but uses both names.  Hereinafter he is referred to as Beine.

13.    At all times material hereto, Defendant Beine was under the direct supervision, employ and control of the Defendants.  All acts of sexual abuse alleged herein took place during functions in which Defendant Beine had custody or control of Plaintiff in his role as a priest and/or assistant counselor.

14.    Defendants provided training to Defendant Beine on how to perform the specific positions of priest and/or counselor.  Defendants hired, supervised and paid assistants to Defendant Beine.  At all times, Defendant Beine acted upon the authority of and at the request and /or permission of the Defendants.

15.    Defendant Beine performed much of his work on the premises owned by one or more of the Defendants.  Further, when Defendant Beine traveled in the presence of children, Defendants paid for those trips and travel expenses incurred by Defendant Beine.

16.    Defendants furnished tools and materials to aid and abet Defendant Beine's conduct as alleged hereinafter.

17.    Defendant Beine's conduct as alleged herein was undertaken while in the course and scope of his employment with Defendants.

## BACKGROUND FACTS APPLICABLE TO ALL COUNTS

18.    Beginning in approximately 1978, Plaintiff became acquainted with Defendant Beine at New Haven High where Beine was an assistant counselor.   Beine sexually molested Plaintiff

4

shortly afterwards and continued to molest Plaintiff for approximately one year. The abuse included genital contact.

19.     Upon information and belief, Beine had sexually assaulted other minor boys before assaulting Plaintiff.  Defendants failed to inform Plaintiff, other children, and their parents of Beine's propensity to sexually assault juvenile boys.  As a result, Beine was allowed unlimited access to young boys, including Plaintiff.

20.     The sexual abuse described herein occurred in the State of Missouri between approximately 1978-1980.

21.     The actions of Defendant Beine were outrageous and utterly repugnant to a civilized society.

22.     Defendants knew or should have known that their allowing Defendant Beine access to young children as part of his official duties after reports of impropriety involved an unreasonable risk of causing emotional distress to Plaintiff and other similarly situated individuals.

23.     The Defendants' actions in allowing Defendant Beine to continue holding himself out as a priest, counselor and as an authority figure to his parishioners, students, and children with whom he came into contact, were outrageous and utterly repugnant to a civilized society. Defendants acted with depraved hearts knowing harm would occur, including the damages to Plaintiff described herein and other similarly situated children. Defendants knew or should have known this outrageous behavior would cause emotional distress to the families of the victims and the victims, including Plaintiff.

24.     The sexual abuse of Plaintiff, and the circumstances under which the abuse occurred, caused Plaintiff to develop various psychological coping mechanisms and symptoms of

5

psychological distress, including great shame, guilt, self-blame and depression. In addition, Plaintiff experienced dissociative amnesia where he repressed the memories of the abuse until approximately 2002. As a result of Plaintiff's repression of the memories of Defendant Beine's sexual abuse of the Plaintiff, Plaintiff was unable to know or have reason to know until approximately 2002 that he was a victim of sexual abuse committed upon her by Defendant Beine. The sexual abuse and exploitation of Plaintiff and the circumstances under which it occurred caused Plaintiff to develop various psychological coping mechanisms which made him incapable of ascertaining the resulting damages from that conduct.

     25.    Furthermore, upon information and belief, after learning of Defendant Beine and other agents' wrongful conduct, Defendants, by and through their agents, ratified the wrongful conduct described herein by failing to report it to law enforcement authorities, prospective parishioners, current parishioners, their families, victims, or the public. Upon information and belief, Defendant Beine has recently been indicted for criminal sexual conduct against another boy in 1973. Further, Defendants' conduct communicated to Plaintiff and other victims that Defendants' conduct was proper and that legal action was not necessary. Therefore, Defendants knew or should have known that their actions would silence Plaintiff and other victims, would prevent them from discovering their injuries, their complaints or possible other complaints or victims, and ultimately would exacerbate their emotional distress and trauma. Defendants should therefore be estopped from asserting any defense that Plaintiff's action is not timely, because Defendants individually and in concert with each other, fraudulently concealed the wrongfulness of Defendant Beine's and other priests' conduct and the causal relationship between the sexual abuse and the harm suffered by Plaintiff.

6

26. As a direct result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT I
## CHILD SEXUAL ABUSE AND/OR BATTERY -
## ALL DEFENDANTS

27. Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

28. Between approximately 1978 and 1979, Defendant Beine engaged in unpermitted, harmful and offensive sexual conduct and contact upon the person of the Plaintiff, a minor. Said acts were committed while Defendant Beine was acting within the course and scope of employment with the Defendants, were committed while Defendant Beine was a managing agent of the Defendants, and/or were ratified by the Defendants.

29. Defendants' actions were willful, wanton or reckless for which punitive damages and/or an award for aggravating circumstances are appropriate.

30. As a result of the above-described acts, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred

7

and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - DEFENDANTS ARCHDIOCESE, ARCHBISHOP, COMMUNITY, SCHOOL DISTRICT, AND DOES 1-20

31.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

32.     Defendants intentionally failed to supervise, remove or otherwise sanction Defendant Beine after they had actual notice of his dangerous propensity to abuse children, and continued to place him in positions of authority over children and adolescents, including Plaintiff.

33.     Defendants knew or should have known that Defendant Beine was unsuitable for the position which he held.

34.     Defendants failed to adequately review and monitor the services which were provided by Defendant Beine, intentionally turning a blind eye to his misconduct.

35.     Defendants intentionally failed to confront, remove or sanction Defendant Beine about known irregularities in his employment, including taking children on overnight and other outings, spending unusual amounts of time alone with children and having received reports of impropriety from concerned and angry parents.

36.     Defendants failed to act upon information gained during the course of their supervision of Defendant Beine.

37.     Defendants intentionally failed to supervise the children within their care, custody or control from coming in contact with the known risk presented by Defendant Beine.

38.     At all times relevant, Defendants Archdiocese and Archbishop engaged in extreme

and outrageous conduct, intended to cause harm or committed in reckless disregard of the probability of causing emotional distress and harm.

39.     Defendants Archdiocese and Archbishop engaged in unconscionable and outrageous conduct beyond all possible bounds of decency and utterly intolerable in a civilized society. Defendants' conduct caused Plaintiff severe emotional distress of such a nature that no reasonable person in a civilized society could be expected to endure it.

40.     Defendants actions and /or inactions were willful, wanton and reckless for which punitive damages and /or damages for aggravating circumstances are appropriate.

41.     Plaintiff suffered medically significant and diagnosable distress as a result of Defendants' actions as set forth in the Background Facts Applicable to All Counts.

42.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - DEFENDANT BEINE

43.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

44.     Defendant Beine engaged in unconscionable, outrageous conduct beyond all possible bounds of decency and utterly intolerable in a civilized society.

45.     Defendant Beine's actions and /or inactions were willful, wanton and reckless for

9

which punitive damages and /or damages for aggravating circumstances are appropriate.

46.     The emotional distress experienced by Plaintiff as a result of Defendant Beine's conduct is medically diagnosable and is of sufficient severity so as to be medically significant.

47.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### COUNT IV
### NEGLIGENCE -
### ALL DEFENDANTS

48.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

49.     Defendants had a duty to protect children served by their priests and counselors.

50.     Upon information and belief, Defendants, by and through their agents, servants and employees, knew or reasonably should have known of Defendant Beine's dangerous and exploitive propensities and/or that he was an unfit agent, and despite such knowledge, Defendants breached their duty to protect Plaintiff when they failed to protect Plaintiff from the sexual abuse described herein.

51.     Defendants' actions and /or inactions were willful, wanton and reckless for which punitive damages and /or damages for aggravating circumstances are appropriate.

52.     As a direct result of the acts or omissions described herein, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations

10

of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT V
### NEGLIGENT SUPERVISION, RETENTION, AND FAILURE TO WARN - DEFENDANTS ARCHDIOCESE, ARCHBISHOP, COMMUNITY, SCHOOL DISTRICT, AND DOES 1-20

53.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

54.     Upon information and belief, Defendants, by and through their agents, servants and employees, knew or reasonably should have known of Defendant Beine's dangerous and exploitive propensities and/or that he was an unfit agent, and despite such knowledge, Defendants negligently retained and/or failed to supervise Defendant Beine, who was in a position of trust and authority as a Roman Catholic seminarian, deacon, or priest and spiritual counselor, where he was able to commit the wrongful acts against the Plaintiff. Defendants failed to provide reasonable supervision of Defendant Beine, failed to use reasonable care in investigating Defendant Beine and failed to provide adequate warning to Plaintiff and his family of Defendant Beine's dangerous propensities.

55.     Defendants' actions and / or inactions were willful, wanton and reckless, for which punitive damages and /or damages for aggravating circumstances are appropriate.

56.     As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life;

11

was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT VI
## INTENTIONAL FAILURE TO SUPERVISE CLERGY -
## DEFENDANTS ARCHDIOCESE, ARCHBISHOP, COMMUNITY,
## SCHOOL DISTRICT, AND DOES 1-20

57.     Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

58.     At all times material, Defendants were the supervisors and employers of Defendant Beine.

59.     Upon information and belief, Defendants were aware of previous sexual misconduct by clergy within their boundaries, including Defendant Beine, and knew that future harm was certain or substantially certain to result without proper supervision.

60.     Defendants disregarded the known risk of sexual abuse.

61.     Defendants' inaction caused injury to Plaintiff.

62.     Defendants knew or should have known that inappropriate touching of children by their employees and /or designated agents would cause or was substantially certain to cause those children harm.

63.     Despite the risk posed by Defendant Beine, Defendants continued to place Defendant Father Beine in positions in which he would have daily contact with children.

64.     Despite the risk posed by Defendant Beine, Defendants ratified his actions of being alone with children by approving and paying for his travel expenses and other expenses associated

12

with outings with children.

65.　By engaging in these actions, Defendants disregarded the risk posed by Defendant Beine to these children.

66.　Defendants' actions and /or inactions were willful, wanton and reckless, for which punitive damages and /or damages for aggravating circumstances are appropriate.

67.　As a result of Defendants' failure to properly supervise Defendant Beine, Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

**COUNT VII**
**VIOLATION OF TITLE IX (20 U.S.C. § 1681)**
**SEXUAL HARASSMENT - DEFENDANT SCHOOL DISTRICT**

68.　Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count.

69.　Plaintiff is part of a protected class.

70.　Plaintiff was subjected to unwelcome sexual harassment.

71.　The harassment was based upon sex.

72.　The harassment was sufficiently sever as to alter the conditions of Plaintiff's education and create an abusive environment.

73.　One of Defendant's officials with authority to take corrective measures had actual

13

knowledge or notice of the sexual harassment.

74.     Despite this knowledge, Defendant's official was deliberately indifferent to the sexual harassment and failed to adequately respond to the harassment.

75.     As a direct result of Defendant's misconduct, Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT VIII
## VIOLATION OF 42 U.S.C. § 1983 -
## DEFENDANT SCHOOL DISTRICT

76.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count.

77.     There was continuing, widespread, persistent pattern of unconstitutional misconduct by the Defendant's employees.

78.     Defendant's policymaking officials were deliberately indifferent or tacitly authorized this misconduct after they received notice of the misconduct.

79.     Plaintiff was injured by the misconduct pursuant to the custom.

80.     As a direct result of Defendant's custom, Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of

enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## COUNT VIII
## VIOLATION OF 42 U.S.C. § 1983 -
## DEFENDANT DOES 1-20

81.     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count.

82.     Defendant Does received notice of a pattern of unconstitutional acts committed by subordinates.

83.     Defendants Does demonstrated deliberate indifference to or tacit authorization of the offensive unconstitutional acts.

84.     Defendants Does failed to take sufficient remedial action.

85.     Defendant Does' failure was the proximate cause of Plaintiff's injuries.

86.     As a direct result of Defendant Does' misconduct, Plaintiff was injured and has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; was prevented and will continue to be prevented from performing his daily activities and obtaining the full enjoyment of life; has sustained loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## JURY TRIAL DEMANDED

87.     Plaintiff demands a trial by jury on all issues triable in this case.

WHEREFORE, Plaintiff asks that this Court award judgment against Defendants as follows:

1.     Awarding compensatory, statutory, punitive and treble damages in favor of Plaintiff against Defendants for damages sustained as a result of the wrongdoings of Defendants, together with interest thereon;

2.     Awarding Plaintiff his costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's and counsel's expenses;

3.     Granting such other and further relief as the Court deems appropriate and just.

Respectfully submitted,

Dated: _8/26/05_

_____
Jeffrey R. Anderson
Patrick W. Noaker, MO Bar #39836
JEFF ANDERSON & ASSOCIATES, PA
E-1000 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101
Phone: (651) 227-9990
Fax:    (651) 297-6543

_____
Kenneth M. Chackes, MO Bar #27534
M. Susan Carlson, MO Bar #37333
CHACKES, CARLSON & SPRITZER, LLP
8390 Delmar Boulevard, Suite 218
St. Louis, Missouri 63124
Phone: (314) 872-8420
Fax:    (314) 872-7017

16

Rebecca M. Randles, MO Bar #40149
Luis Mata, MO Bar #54157
RANDLES, MATA & BROWN, LLC
406 West 34th Street, Suite 623
Kansas City, Missouri 64111
Phone: (816) 931-9901
Fax:    (816) 931-0134

**ATTORNEYS FOR PLAINTIFF**

17



## MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (ST. LOUIS CITY)

Plaintiff —————————— )
)
VS              )        Cause No. ——————
)
)
Defendant —————————— )        Division I
)

### SCHEDULING ORDER

The above-styled cause is designated as a "Track 1" case for scheduling purposes, subject to the deadlines set forth herein. All dates are calculated from the date of the petition's filing. Plaintiff shall make all relevant medical records and signed authorizations available for inspection and copying by Defendant's counsel, and at Defendant's cost, within five (5) days of defense counsel's entry of appearance. Plaintiff is expected to serve the standard interrogatories together with the Petition. Defendant (s) shall serve answers to the standard interrogatories within the time prescribed by the Missouri Supreme Court Rules of Civil Procedure. Defendant is to serve the standard interrogatories with counsel's entry of appearance. Plaintiff shall serve answers to the standard interrogatories within the time prescribed by the Missouri Supreme Court Rules of Civil Procedure.

Deviation from the Scheduling Order shall be only by consent of the parties or by leave of Court. Further, this Scheduling Order assumes prompt disposition of discovery disputes. The parties are strongly encouraged to resolve discovery disputes by mutual consent and without the need for Court intervention. In no event shall deviations from the deadlines in this Order or delays in resolving discovery disputes affect the "ready for trial" date set forth herein, except by Court order.

### TRACK 1: EXPEDITED

60 Days:        All parties to have served initial written discovery.

90 Days:        All parties to have responded to initial written discovery.

100 Days:     Disclosure of Plaintiff's experts.

120 Days:     Plaintiff's experts' depositions completed.

135 Days:     Disclosure of Defendant's experts.

155 Days:     Defendant's experts' depositions completed.

160 Days:     Council for all parties to file certificate of settlement negotiations.

165 Days:     Disclosure of Plaintiff's rebuttal experts and supplementary disclosure of new experts or new opinions by all parties.

180 Days:     All experts' depositions completed. No continuances will be granted after this date for incomplete discovery, absent leave of Court for good cause shown. Case deemed ready for trial.

The Court encourages early mediation.

SO ORDERED

Presiding Judge

Form # t1and2                                             (over)

RR-422 (ML10/4)



## TWENTY-SECOND JUDICIAL CIRCUIT OF MISSOURI
Civil Courts Building, 10 N. Tucker Blvd.
St. Louis, Missouri 63101

### NOTICE OF MEDIATION PROGRAM AND SERVICES
### VOLUNTARY EARLY DISPUTE RESOLUTION PROGRAM
### CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI
### TWENTY-SECOND JUDICIAL CIRCUIT

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of the City of St. Louis, Missouri (Twenty-Second Judicial Circuit) has adopted a local rule to encourage voluntary early dispute resolution. The purpose of the rule and the program of early dispute resolution it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's rights to resolve a lawsuit by trial.

This program applies to all civil actions assigned to Division 1 and you are hereby notified that it is available for you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

The Presiding Judge's Division Clerk keeps a list of mediators approved by the Court, and information regarding their qualifications, in the Division #1 courtroom. If all parties to the suit agree to mediation, within ten days after they have all filed the Consent to Mediation form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's Voluntary Early Dispute Resolution rule governing the conduct of the mediation is available from the Clerk of the Circuit Court. A copy of this notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

(over)

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | | |
|---|---|---|
| John Doe HL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Cause No. _____ |
| MAR JAMES (aka JAMES BEINE), | ) | |
| ROMAN CATHOLIC ARCHDIOCESE | ) | |
| OF ST. LOUIS, an unincorporated | ) | |
| association, and ARCHBISHOP | ) | |
| RAYMOND BURKE, of the Archdiocese | ) | |
| of St. Louis, MO, COMMUNITY OF | ) | |
| JOHN BOSCO(aka SANCTE JOANNES | ) | |
| BOSCO), NEW HAVEN SCHOOL | ) | |
| DISTRICT, DEFENDANT DOES 1-20 | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM FOR CLERK FOR SPECIAL PROCESS SERVER

Comes now, Plaintiff, by and through counsel and designates David Sharp and/or Janet A. Shirrell, Priority Process, LLC as the Special Process Server in this matter.

Respectfully submitted,

Dated: 5/26/05

Jeffrey R. Anderson
Patrick Noaker, MO Bar# 39836
JEFF ANDERSON & ASSOCIATES, P.A.
E-1000 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101
Phone: (651) 227-9990
Fax:    (651) 297-6543

Kenneth Chackes, MO Bar, #27534
M. Susan Carlson, MO Bar, #37333
CHACKES, CARLSON & SPRITZER, LLP
8390 Delmar Boulevard, Suite 218
St. Louis, MO 63124
Phone: (314) 872-8420
Fax:    (314) 872-7017

Rebecca M. Randles MO Bar #40149
Luis Mata, MO Bar #54157
RANDLES, MATA & BROWN, LLC
406 West 34th Street, Suite 623
Kansas City, Missouri 64111
Phone:  (816) 931-9901
Fax:    (816) 931-0134

Counsel for Plaintiff John Doe HL

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| John Doe HL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| MAR JAMES (aka JAMES BEINE), | ) |
| ROMAN CATHOLIC ARCHDIOCESE | ) |
| OF ST. LOUIS, an unincorporated | ) |
| association, and ARCHBISHOP | ) |
| RAYMOND BURKE, of the Archdiocese | ) |
| of St. Louis, MO, COMMUNITY OF | ) |
| JOHN BOSCO(aka SANCTE JOANNES | ) |
| BOSCO), NEW HAVEN SCHOOL | ) |
| DISTRICT, DEFENDANT DOES 1-20 | ) |
| | ) |
| Defendants. | ) |

Cause No. _____

## MEMORANDUM FOR CLERK FOR DESIGNATION OF LEAD COUNSEL

Comes now, Plaintiff by and through counsel and designates Chackes, Carlson, &

Spritzer, LLP as the lead counsel in this matter.  Please mail all court documents to 8390 Delmar

Boulevard, Suite 218, St. Louis, MO 63124.

Respectfully submitted,

Dated: _8/26/05_

Kenneth M. Chackes, MO Bar, #27534
M. Susan Carlson, MO Bar, #37333
CHACKES, CARLSON & SPRITZER, LLP
8390 Delmar Boulevard, Suite 218
St. Louis, MO 63124
Phone: (314) 872-8420
Fax:    (314) 872-7017

Jeffrey R. Anderson
Patrick Noaker, MO Bar# 39836
JEFF ANDERSON & ASSOCIATES, P.A.
E-1000 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101

Phone: (651) 227-9990
Fax:    (651) 297-6543

Rebecca M. Randles MO Bar #40149
Luis Mata, MO Bar #54157
RANDLES,  MATA & BROWN, LLC
406 West 34th Street, Suite 623
Kansas City, Missouri 64111
Phone:  (816) 931-9901
Fax:    (816) 931-0134

Counsel for Plaintiff  John Doe HL

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

| | |
|---|---|
| John Doe HL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) Cause No. _____ |
| MAR JAMES (aka JAMES BEINE), | ) |
| ROMAN CATHOLIC ARCHDIOCESE | ) |
| OF ST. LOUIS, an unincorporated | ) |
| association, and ARCHBISHOP | ) (Proposed) |
| RAYMOND BURKE, of the Archdiocese | ) |
| of St. Louis, MO, COMMUNITY OF | ) **ORDER** |
| JOHN BOSCO(aka SANCTE JOANNES | ) |
| BOSCO), NEW HAVEN SCHOOL | ) |
| DISTRICT, DEFENDANT DOES 1-20 | ) |
| | ) |
| Defendants. | ) |

COMES NOW the Plaintiff, only identified as JOHN DOE HL, by and through his

attorney, and the Court having reviewed Plaintiff's Petition and having determined that if

Plaintiff were not permitted to use a pseudo name that it would expose him to public ridicule and

humiliation,

IT IS HEREBY ORDERED that Plaintiff's Motion to Use Pseudo Name is hereby

granted and Plaintiff shall be permitted to pursue this action using the pseudo name "JOHN DOE

HL," and the parties to this action and their attorneys shall not disclose Plaintiff's true identity to

any person who is not a party or the attorney for a party in this case.

DATE: _8/26/05_

HONORABLE JUDGE OF THE CIRCUIT
COURT OF ST. LOUIS CITY

IN THE CIRCUIT COURT OF ST. LOUIS CITY
STATE OF MISSOURI

John Doe HL,                                       )
                                                  )
                          Plaintiff,              )
vs.                                               )
                                                  )     Cause No. _____
MAR JAMES (aka JAMES BEINE),                      )
ROMAN CATHOLIC ARCHDIOCESE                        )
OF ST. LOUIS, an unincorporated                   )
association, and ARCHBISHOP                       )
RAYMOND BURKE, of the Archdiocese                 )
of St. Louis, MO, COMMUNITY OF                    )
JOHN BOSCO(aka SANCTE JOANNES                     )
BOSCO), NEW HAVEN SCHOOL                          )
DISTRICT, DEFENDANT DOES 1-20                     )
                                                  )
                          Defendants.             )

---

## PLAINTIFF'S MOTION TO USE PSEUDO NAME

COME NOW, Plaintiff, through counsel, and moves this Court pursuant to Mo. R.Civ.

Proc. 52.01 et seq. for an order allowing him to use the pseudo name JOHN DOE HL throughout

this lawsuit. The reason for this request is as follows:

1. Plaintiff John Doe HL was a victim of childhood sexual abuse by a Priest.

2. The Petition in this matter describes the childhood sexual abuse of John Doe HL and

seeks to recover for damages related thereto.

3. Given the unique nature and circumstance of the abuse, Plaintiff believes that if

he is required to use his name in the prosecution of this lawsuit, he and his family will be

subject to public ridicule and humiliation.

WHEREFORE, Plaintiff, requests an order, pursuant to Mo. R. Civ. Proc. 52.01 et. seq.,

allowing him to use the pseudo name JOHN DOE HL and prohibiting the parties and their

attorneys from disclosing plaintiff's identity to any person not a party or attorney in this case.

Respectfully submitted,

Dated: ___8/26/05___

_____
Kenneth M. Chackes, MO Bar #27534
M. Susan Carlson, MO Bar #37333
CHACKES, CARLSON & SPRITZER, LLP
8390 Delmar Boulevard, Suite 218
St. Louis, Missouri 63124
Phone: (314) 872-8420
Fax:    (314) 872-7017


Jeffrey R. Anderson
Patrick W. Noaker, MO Bar #39836
JEFF ANDERSON & ASSOCIATES, PA
E-1000 First National Bank Bldg.
332 Minnesota Street
St. Paul, Minnesota 55101
Phone: (651) 227-9990
Fax:    (651) 297-6543


Rebecca M. Randles, MO Bar #40149
Luis Mata, MO Bar #54157
RANDLES, MATA & BROWN, LLC
406 West 34th Street, Suite 623
Kansas City, Missouri 64111
Phone: (816) 931-9901
Fax:    (816) 931-0134

Attorneys for John Doe HL

2

## CERTIFICATE OF SERVICE

I certify that on _____ , 2005 a copy of the foregoing PLAINTIFF'S
MOTION TO USE PSEUDO NAME and Proposed ORDER was mailed, first class mail, postage
prepaid, to each of the following:

Edward M. Goldenhersh
Bernard C. Huger
Greensfelder, Hemker & Gale
2000 Equitable Building
10 South Broadway
St. Louis, MO 63102
*Attorneys for Defendant*
*Archdiocese of St. Louis*

3

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### (St. Louis City)

JOHN DOE HL

PETITIONER/PLAINTIFF

COMMUNITY OF SAINT JOHN BOSCO

VS

RESPONDENT/DEFENDANT

SUMMONS

NO. 052-10018
DIV. 01

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY CHACKES, KENNETH MICHAEL
FOR THE PETITIONER WHOSE ADDRESS IS
8390 DELMAR, SUITE 218, ST LOUIS, MO 63124-

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
14TH DAY OF SEPTEMBER, 2005.

MARIANO V. FAVAZZA, Circuit Clerk

FILE

---

Sheriff of                    SPECIAL PROCESS SERVER

CIVIL                                                    3

No.   052-10018
Div.  01

# SUMMONS

In the case of

JOHN DOE HL

                              Vs.                        PLAINTIFF

COMMUNITY OF SAINT JOHN BOSCO

                                                        DEFENDANT

SERV

COMMUNITY OF SAINT JOHN BOSCO
3911 WILLIAM DR
ST CHARLES   MO   63304 6857

JOSEPH HARPER

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT

(St. Louis City)

JOHN DOE HL

PETITIONER/PLAINTIFF

VS

ARCHBISHOP RAYMOND BURKE OF THE ARCHDIOCESE OF ST LOU

RESPONDENT/DEFENDANT

**SUMMONS**

NO. 052-10018
DIV. 01

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY CHACKES, KENNETH MICHAEL
FOR THE PETITIONER WHOSE ADDRESS IS
8390 DELMAR, SUITE 218, ST LOUIS, MO 63124-

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
14TH DAY OF SEPTEMBER, 2005.

FILE

---

Sheriff of    SPECIAL PROCESS SERVER

CIVIL                                  2

No.    052-10018
Div.    01

# SUMMONS

In the case of

ARCHBISHOP RAYMOND BURKE OF TH
E ARCHDIOCESE OF ST LOU

PLAINTIFF

Vs.

JOHN DOE HL

DEFENDANT

ARCHBISHOP RAYMOND BURKE OF TH
E ARCHDIOCESE OF ST LOU
4445 LINDELL BLVD
ST LOUIS MO 63108 2333

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
(St. Louis City)

JOHN DOE HL

    PETITIONER/PLAINTIFF

VS

ROMAN CATHOLIC ARCHDIOCESE OF ST LOUIS

    RESPONDENT/DEFENDANT

SUMMONS

NO. 052-10018
DIV. 01

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING UPON ATTORNEY CHACKES, KENNETH MICHAEL FOR THE PETITIONER WHOSE ADDRESS IS

8390 DELMAR, SUITE 218, ST LOUIS, MO 63124-

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE SEAL THERE OF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS 14TH DAY OF SEPTEMBER, 2005.

FILE

---

Sheriff of    SPECIAL PROCESS SERVER
    CIVIL      1

No.   052-10018
Div.   01

## SUMMONS

In the case of

JOHN DOE HL

    *Vs.*      PLAINTIFF

ROMAN CATHOLIC ARCHDIOCESE OF
ST LOUIS

    DEFENDANT

ROMAN CATHOLIC ARCHDIOCESE OF
ST LOUIS
4445 LINDELL BLVD
ST LOUIS MO 63108 2333

Case: 4:05-cv-02034 Doc #: 1-2 Filed: 10/28/05 Page: 33 of 38 PageID #: 36

# MISSOURI CIRCUIT COURT

## TWENTY-SECOND JUDICIAL CIRCUIT

### (St. Louis City)

JOHN DOE HL

NEW HAVEN SCHOOL DISTRICT

VS

PETITIONER/PLAINTIFF

RESPONDENT/DEFENDANT

SUMMONS

NO.052-10018
DIV. 01

**SUMMONS**

THE STATE OF MISSOURI TO DEFENDANT:

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THE ABOVE NAMED
COURT AND TO FILE YOUR PLEADING TO THE PETITION, COPY OF
WHICH IS ATTACHED HERETO, AND TO SERVE A COPY OF YOUR PLEADING
UPON ATTORNEY CHACKES, KENNETH MICHAEL
FOR THE PETITIONER WHOSE ADDRESS IS
8390 DELMAR, SUITE 218, ST LOUIS, MO 63124-

ALL WITHIN 30 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, EXCLUSIVE
OF THE DAY OF SERVICE. IF YOU FAIL TO DO SO, JUDGEMENT BY DEFAULT
WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION .

WITNESS, MARIANO V. FAVAZZA, CLERK OF SAID COURT, WITH THE
SEAL THEREOF HEREUNTO AFFIXED, AT ST. LOUIS, MISSOURI, THIS
14TH DAY OF SEPTEMBER, 2005.

FILE

---

Sheriff of SPECIAL PROCESS SERVER
CIVIL                        4

No.  052-10018
Div.  01

**SUMMONS**

In the case of

JOHN DOE HL

Vs.

PLAINTIFF

NEW HAVEN SCHOOL DISTRICT

DEFENDANT

SERV
KYLE KRUSE

NEW HAVEN SCHOOL DISTRICT
100 PARK DRIVE
NEW HAVEN MO 63068

AKA

SUPERINTENDENT



## Mariano V. Favazza, Circuit Clerk, City of St. Louis

**Missouri Circuit Court
Twenty-Second Judicial Circuit**

### Civil Case Information

| Home | Help |
|------|------|

**Choose your search, enter search criteria, and click the Search button.**

**Search by Name**

| Party | Last | |
|-------|------|---|
| ○ Plaintiff | First | |
| ○ Defendant | Middle | |
| ● Either | | |

**OR**

Business

**Search by Case Number**

Case Number | 052-10018

**Search by Plaintiff vs Defendant**

Plaintiff vs Defendant

*(Hint: Enter last names only. Example vs doe)*

Case Type  ALL  ▾  optional

| Search | Clear Search | Back |
|--------|--------------|------|

```
************************************************************************
*--- 22ND CIRCUIT COURT ------- DATA DISPLAYED IS CURRENT AS OF 10/24/2005 ---*
************************************************************************
                     CASE INFORMATION
    CASE NO.: 052-10018
    Filing Date: 8/26/05        Status: PENDING
    Style:  JOHN DOE HL VS JAMES
    Suit Amount:            .00  Origin: 1  Schedule: 901      Docket Date:  3/13/06
    Division: 01  Judge:
    Nature of action: 2119900   TORT                                    (PRIMARY)

            PARTICIPANT INFORMATION

    PLAINTIFF(S)
      P001  JOHN DOE HL
    Attorney:   27534 CHACKES, KENNETH

    DEFENDANT(S)
      D001  JAMES, MAR
      AKA   BEINE, JAMES
      D002  ROMAN CATHOLIC ARCHDIOCESE OF ST LOUIS
            4445 LINDELL BLVD
            ST LOUIS, MO  63108-2333
            County: SPECIAL PROCESS SERVER
```

```
         Address Type:  B
D003  ARCHBISHOP RAYMOND BURKE OF THE ARCHDIOCESE OF ST LOUIS MISSOURI
      4445 LINDELL BLVD
      ST LOUIS, MO  63108-2333
      County: SPECIAL PROCESS SERVER
         Address Type:  B
D004  COMMUNITY OF SAINT JOHN BOSCO
      3911 WILLIAM DR
      ST CHARLES, MO  63304-6857
      County: SPECIAL PROCESS SERVER
         Address Type:  B
SERV  HARPER, JOSEPH
D005  NEW HAVEN SCHOOL DISTRICT
      100 PARK DRIVE
      NEW HAVEN, MO  63068
      County: SPECIAL PROCESS SERVER
         Address Type:  B
SERV  KRUSE, KYLE
AKA   SUPERINTENDENT
D006  DOES 1-20
```

                    DISPOSITION INFORMATION

```
Disposition Code:                        Date:  0/00/00
Start Trial Date:  0/00/00 End Trial Date:  0/00/00 Disp. Amount:
```

                    CASE MINUTES

```
9/14/05 - Summons to SPECIAL PROCESS SERVER issued for D002-ROMAN CATHOLIC
          ARCHDIOCESE OF ST LOUIS .
9/14/05 - Summons to SPECIAL PROCESS SERVER issued for D003-ARCHBISHOP
          RAYMOND BURKE OF THE ARCHDIOCESE OF ST LOU  N .
9/14/05 - Summons to SPECIAL PROCESS SERVER issued for D004-COMMUNITY OF
          SAINT JOHN BOSCO .
9/14/05 - Summons to SPECIAL PROCESS SERVER issued for D005-NEW HAVEN
          SCHOOL DISTRICT .
9/19/05 - Summons for D006-DOES 1-20 held per attorney .
```

*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*=*

**Back to Top**

This Web Site ©
Copyright 2005, Mariano
V. Favazza, Circuit
Clerk. 10 North Tucker
St. Louis. MO, 63101
All Rights Reserved.

This page accessed 16005

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

**FILED**

JOHN DOE HL, )
)
      Plaintiff, )
)
vs. ) Cause No. 052-10018
)
MAR JAMES (AKA JAMES BEINE), )
ROMAN CATHOLIC ARCHDIOCESE OF ) Division 1
ST. LOUIS, an unincorporated association, )
and ARCHBISHOP RAYMOND BURKE, )
of the Archdiocese of St. Louis, MO, )
COMMUNITY OF JOHN BOSCO (AKA )
SANCTE JOANNES BOSCO), NEW )
HAVEN SCHOOL DISTRICT, )
DEFENDANT DOES 1-20 )
)
      Defendants. )

OCT

MARIANO V. FAVAZZA
CLERK. CIRCUIT CC
BY _____ DEP

## ENTRY OF APPEARANCE AND REQUEST
## FOR EXTENSION OF TIME

COME NOW Edward M. Goldenhersh, Bernard C. Huger, David P. Niemeier and the law firm of Greensfelder, Hemker & Gale, P.C., and hereby enter their appearance on behalf of Defendants Archdiocese of St. Louis, a Missouri unincorporated association, and Archbishop Raymond L. Burke, in his representative capacity as Archbishop of St. Louis (hereinafter collectively "Archdiocese"). The Archdiocese hereby requests thirty (30) additional days, through and including November 25, 2005, within which to file an answer, motion or other responsive pleadings. Plaintiff's counsel consents this extension.

SO ORDERED

BY _____ JUDGE

Respectfully submitted,

Dated: October 25, 2005          GREENSFELDER, HEMKER & GALE, P.C.


By  _David Dhimin_____

Edward M. Goldenhersh, MBE # 26080
emg@greensfelder.com
Bernard C. Huger, MBE # 21319
bch@greensfelder.com
David P. Niemeier, MBE # 50969
dpn@greensfelder.com
10 South Broadway, Suite 2000
St. Louis, MO  63102
Telephone:    (314) 241-9090
Facsimile:    (314) 345-5466

*Attorneys for the Archdiocese of St. Louis and Archbishop
Raymond L. Burke, in his representative capacity as
Archbishop of the Archdiocese of St. Louis*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was served on the following counsel of record, via U.S. Regular Mail, with postage prepaid this 25th day of October, 2005.

Jeffrey R. Anderson, Esq.
Patrick W. Noaker, Esq.
Jeff Anderson & Associates, P.A.
E-1000 First National Bank Building
332 Minnesota Street
St. Paul, MN  55101

*Attorneys for Plaintiff*

Rebecca M. Randles, Esq.
Luis Mata, Esq.
Randles & Mata
406 West 34th Street, Suite 415
Kansas City, MO 64111

*Attorneys for Plaintiff*

Kenneth M. Chackes, Esq.
M. Susan Carlson, Esq.
Chackes, Carlson & Spritzer, LLP
8390 Delmar Boulevard, Suite 218
St. Louis, MO  63124

*Attorneys for Plaintiff*

David Shein